## HUNT v. ALLEN.

1. In debt on bail bond it is not necessary that the declaration should aver that the writ on which the defendant was arrested was issued on an affidavit of debt, and endorsed with the sum sworn to.

2. The affidavit is part of the process to bring the defendant into court, any irregularity in regard to which must be taken advantage of in the first instance : it is, therefore, not a good plea in an action on the bail bond, that no affidavit of the cause of action had been made and filed before issuing the *capias* in the original suit.

3. The assignee of the sheriff may bring suit on the bail bond in his own name : it is not necessary that he should be styled assignee in the writ.

4. Judgment in this action must be entered for the penalty of the bond, but the court gave time to permit such clerical error, in making up the record, to be amended.

---

Error to Salem Circuit Court.

Allen, the plaintiff below, brought an action of debt upon a bail bond against Hiles and others, Hunt, one of the defendants, being one of the sureties upon said bond. The defendants pleaded, that no affidavit of the cause of action had been made and filed before the issuing of the *capias* in the original suit against the defendants in that suit, &c.

Hunt v. Allen.

The plaintiff below demurred to this plea: the demurrer was sustained, and judgment below entered for the plaintiff. Hunt, one of the bail, having obtained a rule for that purpose, brought a writ of error.

Argued before Justices NEVIUS, CARPENTER, and RANDOLPH. *Eakin*, for plaintiff in error, *Allen*, pro se, contra.

CARPENTER, J., delivered the opinion of the court.

In *Whiskard* v. *Wilder*, 1 *Burr.* 330, it was held, on demurrer, that it was not necessary in the declaration to aver that an affidavit had been made of the sum due, nor that the sum sworn to was endorsed on the writ. It was further held, in the same case, that the bond was not void for want of such affidavit, whatever might be the consequence of such omission to the sheriff or plaintiff. Lord Mansfield said, that, on reading the act, (12 *Geo.* 1*) it did not appear to be an essential requisite to the validity of the bail bond, nor in the nature of a condition precedent to it; but, on the contrary, the statute appeared to be only directory to the sheriff, so that though the sheriff himself might be answerable for such omission, yet the bond was not void. The other justices concurred in these remarks, Mr. Justice Foster saying, that if in fact there was no affidavit, the defendant might have been relieved in a much easier method by applying to be discharged upon common bail. Of course the application referred to must have been made in the original action. This decision is directly in point, as to an objection raised to the form of the declaration, and has been repeatedly recognised. See *Sharp* v. *Abbey*, 5 *Bing.* 193; 1 *Har. Dig.* 598 (*Phil.* 1846) and cases cited.

The rule established in *Whiskard* v. *Wilder* seems to be the obvious result of this principle, that the affidavit to hold to bail is a part of the process to bring the defendant into court, any irregularity in regard to which must be taken advantage of in the first instance, and is waived by subsequent proceedings. In *D'Argent* v. *Vivant*, 1 *East* 330, the court said, that the affidavit to hold to bail was only process to bring the party in, and if he choose to waive any objection to that,

* *V. N. J. Rev. Stat.* 950.

he might do it; and that in that case he had done it, by omitting to raise a valid objection in due season.

It has been supposed that a doubt was thrown over the case cited from *Burrows*, by a remark of Sir James Mansfield, in *Hill* v. *Heale*, 5 *B. & P.* 202. He said he had difficulty as to the statute being merely directory, and thought that the sheriff could not justify, unless his writ was duly endorsed for bail with the sum sworn to. In most cases process regular on its face will be a sufficient protection to the officer, and defensively he may justify under such process, issued by a court of competent jurisdiction, without being obliged to show the foundation of the writ, or the regularity of the previous proceedings. But, for the protection of the officer, it must be fair on its face. The remark of Sir J. Mansfield is, therefore, not inconsistent with the decision in *Whiskard* v. *Wilder;* and it may be admitted that the writ must be duly endorsed, in order to enable the sheriff to justify, without disturbing any thing in the case cited from *Burrows*.

In *Mills* v. *Bond*, 1 *Str.* 399, the original process was void, (not voidable merely) and the court, therefore, held that no action could be maintained on a bail bond taken under such process. But, as it seems clear, both upon principle and authority, that the want of an affidavit does not avoid process, and is simply an irregularity, it follows that the irregularity must be taken advantage of in the original action, and is waived by subsequent proceedings being taken without objection; of consequence the plea is not good in any form in this action.

It is true the plea is found among the precedents in *Chitty*, and perhaps in other collections, but its validity has been much questioned. In *Hume* v. *Liversedge*, 1 *Crompt. & Mees.* 332, 3 *Tyrwh.* 257, it was held that a plea, that no *proper* affidavit, &c., was bad on special demurrer. In *Knowles* v. *Stevens*, 1 *C. M. & R.* 26, 4 *Tyrwh.* 1016, the same court (exchequer) went a step farther, and held that the plea, that no affidavit of debt had been *filed*, was insufficient. The court said, intimating that the validity of the plea was an open question, that if the question debated, as to the fact of there being no affidavit

filed, was intended to be fairly raised, it should have been by pleading that no affidavit was made, as the omission, by inadvertence, to file the affidavit would certainly not vitiate the arrest. The plea is bad upon the authority of that case, as held in the court below; but the statute requires the affidavit to be made *and* filed, and the case cited, as it seems to us, is only to be supported by the broader position already presented. We think the want of an affidavit cannot be raised as a defence to this action in any shape.

Again, looking to the previous pleading, it is objected that the declaration does not show the suit to be by the plaintiff below, *as assignee* of the sheriff; that the delegated power to sue, conferred by the statute, should appear by these words. But it does so appear on the face of the declaration. The objection, however, really is, that the plaintiff is not styled assignee in the writ, and the writ so recited in the declaration: so understood, there is nothing in it. The statute expressly authorizes the plaintiff, on taking an assignment of a bail bond, to bring suit in his own name. *Rev. Stat.* 838, § 16.

The other alleged errors are merely formal. They go to the form of record merely. The first is, that the judgment is irregularly entered, and that it is not entered for the penalty of the bond according to the statute, no sum being mentioned. The entry is certainly equivocal, no sum being mentioned, it being merely that the plaintiff recover " his said debt, and also (*blank*) for his damages, as well on occasion," &c. But, admitting the entry to be erroneous, the court is reluctant to reverse for such clerical mistake. Upon a similar objection, C. J. Kirkpatrick, for the court, said the judgment was erroneous, it should have been entered for the penalty ; but he said, were it the only objection, they would be disposed to suspend judgment until an amendment could be made by the court to which the writ of error was directed. *Webb* v. *Fish*, 1 *South.* 374. The court will suspend judgment in this case until an amendment can be made by the court below.*

The omission to enter any judgment for costs below is no

* See *De Tastet* v. *Rucker*, 3 *B. & B.* 65, where the Court of Errors gave the defendant leave to amend the transcript.

cause for reversal. The cases on appeal from justices' courts, of which so many have been cited by the counsel of the plaintiff in error, have no application. The result is simply, that the plaintiff not having entered judgment for costs, cannot recover costs below.

It is proper to add, that the record is exceedingly awkward and ill drawn, encumbered by useless verbiage, and defective in that important part, the *consideratum est* or judgment of the court. It was certainly unnecessary to record the remark of the judge, " that a writ of error cannot be allowed until final judgment ;" or the agreement of counsel, that the plea of *non est factum* should be stricken out, and final judgment signed upon the demurrer. The record sent up seems to be a mere copy, by the clerk, of the pleadings filed below and of the entries in the minutes of the court, and *greatly* lacks the precision and neatness of a common law judgment.

When the record shall have been amended in the matter indicated, let the judgment be affirmed.

Justices NEVIUS and RANDOLPH concurred.

AFFIRMED, 3 *Zab.* 616.